834

THE STATE OF WASHINGTON, *Appellant,* v. ROBERT LEROY
FOSTER, *Respondent.*

[See 21 Am. Jur. 2d, Criminal Law § 68.]

*Christopher T. Bayley, Prosecuting Attorney,* and *Daniel
J. Berschauer, Deputy,* for appellant.

*Kenneth E. Kanev,* for respondent.

PER CURIAM.—The respondent was charged by informa-
tion with the crime of murder in the second degree. Acting
through his counsel he entered a special plea of not guilty
by reason of mental irresponsibility and filed a motion for
judgment of acquittal as provided in Laws of 1973, 1st Ex.
Sess., ch. 117, §§ 6, 8, RCW 10.77.060, .080. At the hearing on
the motion, two written reports of psychiatrists appointed
by the court upon the respondent's request were con-
sidered, as well as testimony of a third psychiatrist who
was present at the request of the State. All three psychia-
trists agreed that the respondent was competent to stand
trial but did not know or appreciate the consequences or
criminality of his conduct. All three psychiatrists agreed
that the respondent was unsafe to be at large.

The court entered findings of fact, conclusions of law and
a judgment of acquittal and order of commitment. The
appellant filed a writ of certiorari in the Court of Appeals,

Division One. The case was transferred to this court and treated as an appeal, since a final order had been entered.

As stated by the appellant, the only real controversy at the hearing developed between the court and the appellant over the question whether the court should enter a finding of fact as to the alleged conduct of the respondent. The appellant's position was that the court would have no basis upon which to proceed without a finding of fact that some crime had been committed by the respondent. The court, on the other hand, interpreted section 8 of the act as not requiring such a finding.

That is the sole question urged on this appeal. It is contended that the statute is unconstitutional because it deprives the respondent of due process and equal protection of the laws, in that there is no requirement that the court make a finding that he committed the act charged.

The arguments made in support of this contention are essentially those that were made by the prosecutor in *State v. Jones*, 84 Wn.2d 823, 529 P.2d 1040 (1974). As we said in that case, the statute does not deprive a defendant of the constitutional right to the procedural safeguards in a jury trial, but merely gives him an alternative procedure which he may utilize if he so desires.

Furthermore, as in *State v. Jones, supra*, the appellant has offered no authority for the proposition that he as prosecutor may urge before this court the alleged denial of constitutional rights of the defendant in a criminal prosecution.

For the reasons set forth more fully in *State v. Jones, supra*, the appeal is without merit.

The judgment is affirmed.